Case 6:11-cv-00091-LED -JDL   Document 102   Filed 09/02/11   Page 1 of 3 PageID #:  446

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>CINEMARK HOLDINGS, INC., et al.<br><br>       Defendants. | CASE NO. 6:11-cv-91 (LED)<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff, Landmark Technology, LLC ("Landmark") respectfully requests the Court to grant Landmark leave to file its First Amended Complaint for Patent Infringement ("FAC"), a copy of which is concurrently filed with this motion. None of the defendants remaining in this action oppose Landmark's motion.

In its FAC, Landmark is amending its complaint to conform to its recently served P.R. 3-1 infringement contentions, whereby, in addition to its infringement contentions involving each of the Defendant's ecommerce websites, Landmark further alleges that Defendants Crocs, Inc. ("Crocs") and Gaiam, Inc. ("Gaiam") infringe U.S. Patents Nos. 6,289,319 (the "'319 patent") and 7,010,508 (the "'508 patent") based on their use of an electronic data interchange ("EDI")-enabled system which practices the claims of those patents. The '319 patent and the '508 patent

comprise two of the three Patents-in-Suit that are already a part of this litigation. Thus, Landmark does not propose adding any new patents or parties in its proposed amendments.

Rule 15(a) provides that leave to amend shall be "freely given when justice so requires." *See* Fed. R. Civ. P. 15(a); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). The well-settled law of the Fifth Circuit holds that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. American Airlines, Inc.,* 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1983)). Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment. *See Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Under the liberal amendment standards of Rule 15, Landmark respectfully submits that leave to amend should be given. This case remains in the early stages of litigation. Landmark only recently served its P.R. 3-1 infringement contentions and this Court only recently issued its Docket Control Order and Discovery Order in this case. *See* Docket Nos. 99 and 100. Moreover, the two affected defendants -- Gaiam and Crocs -- are not unduly prejudiced because, in addition to the fact that this case is in its early stages, Landmark already provided timely notice of its infringement contentions to the affected defendants. This amendment thus only serves to conform the complaint to Landmark's already served infringement contentions.

This motion is not pursued for purposes of delay or in bad faith as evidenced by Landmark's timely service of its infringement contentions containing the claims it proposes to add, but, rather, in the interest of prompt and efficient resolution of Landmark's infringement claims. As explained above, Landmark's new claims involve the same patents already in suit as

well as already named defendants.  Finally, Landmark also has not failed to cure any deficiencies by previously allowed amendments nor are the proposed amendments futile.

Accordingly, Landmark respectfully requests the Court grant leave to file Landmark's First Amended Complaint for Patent Infringement.

| | |
|---|---|
| DATED:  September 2, 2011 | Respectfully Submitted, |
| **OF COUNSEL:** | |
| | By: */s/ Charles Ainsworth* |
| Stanley M. Gibson<br>(Cal. Bar No. 162329)<br>*smg@jmbm.com* | Charles Ainsworth<br>State Bar No.  00783521<br>Robert Christopher Bunt<br>State Bar No. 00787165 |
| Gregory S. Cordrey<br>(Cal. Bar No. 190144)<br>*gxc@jmbm.com* | PARKER, BUNT & AINSWORTH, P.C.<br>100 E. Ferguson, Suite 1114<br>Tyler, TX 75702<br>903/531-3535<br>903/533-9687<br>E-mail: charley@pbatyler.com<br>E-mail: rcbunt@pbatyler.com |
| Jeffer Mangels Butler and Mitchell LLP<br>1900 Avenue of the Stars, Seventh Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 203-8080<br>Facsimile: (310) 203-0567 | Attorneys for Plaintiff,<br>Landmark Technology, LLC |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 2nd day of September, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Charles Ainsworth*
CHARLES AINSWORTH