IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

LANDMARK TECHNOLOGY, LLC,

     Plaintiff,

    v.

CINEMARK HOLDINGS, INC., et al.

     Defendants.

CASE NO.    6:11-cv-91 (LED)

**JURY TRIAL DEMANDED**

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

     Plaintiff Landmark Technology, LLC ("Landmark"), for its Complaint against Cinemark USA, Inc., Crocs, Inc., Gaiam, Inc. and XO Group, Inc. (formerly, The Knot, Inc.) (collectively, "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

    1.     This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq.*

    2.     This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

    3.     This Court has personal jurisdiction over Defendants because Defendants have transacted and are transacting business in the Eastern District of Texas that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

COMPLAINT FOR PATENT
INFRINGEMENT

4.      Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendants have done business and committed infringing acts and continue to do business and to commit infringing acts.

## PARTIES

5.      Plaintiff Landmark Technology, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 719 W. Front Street, Suite 157, Tyler, Texas 75702.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Cinemark Holdings, Inc. ("Cinemark"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 3900 Dallas Parkway, Suite 500, Plano, Texas 75093. Plaintiff is further informed and believes, and on that basis alleges, that Cinemark is in the business of distributing and selling movie tickets and other items, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet website located at http://www.cinemark.com (the "Cinemark Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Cinemark has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the Cinemark Website.

7.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Crocs, Inc. ("Crocs"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 6328 Monarch Park Place, Niwot, Colorado 80503.  Plaintiff is further informed and believes, and on that basis alleges, that Crocs is in the business of distributing and selling footwear and other products, and derives a significant portion of its

COMPLAINT FOR PATENT
INFRINGEMENT

revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet website located at http://www.crocs.com (the "Crocs Website").  Plaintiff is further informed and believes, and on that basis alleges, that Crocs uses an Electronic Data Interchange (EDI) enabled system that can be described as an automated data processing system for the transfer of structured data, by agreed upon message standards, from one enterprise business system to another whereby Crocs exchanges electronically business information with trading partners[1] for ordering and receiving goods.  Crocs confirms they are using this system in its publicly filed 10-K with the following excerpt: "We are in the process of implementing numerous information systems to support several areas of our business, including warehouse management, order management, retail point-of-sale and internet point-of-sale as well as various systems that provide interfaces between these two systems."  The computer systems on which the Crocs EDI-enabled system is implemented involve the use of a customized EDI software package in combination with Crocs' Enterprise Resource Planning system.  Crocs derives a significant financial benefit through the use of its EDI-enabled system in that it allows Crocs to reduce or eliminate costs associated with printing, handling, organizing and storing paper documents and to increase the speed by which transactions can be completed.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Crocs has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the Crocs Website and by engaging in monetary and business transactions through its EDI-enabled system.

---

[1] Organizations that send or receive business information between each other in this manner are referred to as "trading partners" in EDI terminology.

COMPLAINT FOR PATENT INFRINGEMENT

8.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Gaiam, Inc. ("Gaiam"), is a corporation organized under the laws of the State of Colorado, with its principal place of business at 833 W. South Boulder Road, Louisville, Colorado 80027. Plaintiff is further informed and believes, and on that basis alleges, that Gaiam is in the business of distributing and selling clothing, household products, and other merchandise, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet websites located at http://www.gaiam.com and  http://shopgaiam.com (the "Gaiam Websites").  Plaintiff is further informed and believes, and on that basis alleges, that Gaiam uses an Electronic Data Interchange (EDI) enabled system that can be described as an automated data processing system for the transfer of structured data, by agreed upon message standards, from one enterprise business system to another whereby Gaiam exchanges electronically business information with trading partners for ordering and receiving goods.  Gaiam confirms they are using this system in its publicly filed 10-K with the following excerpt: "We use a supply chain management system that supports our entire operation, including fulfillment, inventory management, and customer service." The computer systems on which the Gaiam EDI-enabled system is implemented involve the use of a unique combination of EDI software solutions to manage and maintain trading partner compliance.  Gaiam derives a significant financial benefit through the use of its EDI-enabled system in that it allows Gaiam to reduce or eliminate costs associated with printing, handling, organizing and storing paper documents and to increase the speed by which transactions can be completed.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Gaiam has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by

- 4 -        COMPLAINT FOR PATENT
             INFRINGEMENT

way of the Gaiam Websites and by engaging in monetary and business transactions through its EDI-enabled system.

9.      Plaintiff is informed and believes, and on that basis alleges, that Defendant XO Group, Inc. ("XO Group") (Formerly, "The Knot, Inc."), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 462 Broadway, 6th Floor, New York, New York 10013.  Plaintiff is further informed and believes, and on that basis alleges, that XO Group is in the business of offering and selling wedding-related products and services, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet website located at http://www.theknot.com (the "XO Group Website").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, XO Group has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the XO group Website.

## FACTS

10.     On November 19, 1996, United States Patent No. 5,576,951 entitled "Automated Sales and Services System" was duly and legally issued to Lawrence B. Lockwood ("Lockwood") as inventor.  A true and correct copy of United States Patent No. 5,576,951 is attached hereto as Exhibit "A" and incorporated herein by this reference.  Following a reexamination of Patent No. 5,576,951, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 5,576,951 C1, on January 29, 2008, confirming the validity of all ten (10) original claims and allowing twenty-two (22) additional claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 5,576,951 C1 is attached hereto as Exhibit "B" and incorporated herein by this reference.  (United States Patent No. 5,576,951, together with the additional claims allowed by Ex Parte Reexamination Certificate,

COMPLAINT FOR PATENT INFRINGEMENT

Number US 5,576,951 C1, shall hereinafter be referred to as the "'951 Patent.")  On September 1, 2008, Lockwood licensed all rights in the '951 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '951 Patent, including all rights to enforce the '951 Patent and to recover for infringement.  The '951 Patent is valid and in force.

11.     On September 11, 2001, United States Patent No. 6,289,319 entitled "Automated Business and Financial Transaction Processing System" was duly and legally issued to Lawrence B. Lockwood as inventor.  A true and correct copy of United States Patent No. 6,289,319 is attached hereto as Exhibit "C" and incorporated herein by this reference.  Following a reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C1, on July 17, 2007, confirming the validity of all six (6) original claims and allowing twenty-two (22) additional claims.  A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C1 is attached hereto as Exhibit "D" and incorporated herein by this reference.  (United States Patent No. 6,289,319, together with the additional claims allowed by Ex Parte Reexamination Certificate, Number US 6,289,319 C1, shall hereinafter be referred to as the "'319 Patent.")  On September 1, 2008, Lockwood licensed all rights in the '319 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '319 Patent, including all rights to enforce the '319 Patent and to recover for infringement.  The '319 Patent is valid and in force.

12.     On March 7, 2006, United States Patent No. 7,010,508 entitled "Automated Multimedia Data Processing Network" (the "'508 Patent") was duly and legally issued to Lawrence B. Lockwood as inventor.  A true and correct copy of the '508 Patent is attached hereto as Exhibit "E" and incorporated herein by this reference.  On September 1, 2008, Lockwood licensed all rights in the '508 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire

COMPLAINT FOR PATENT INFRINGEMENT

right, title and interest in and to the '508 Patent, including all rights to enforce the '508 Patent and to recover for infringement.  The '508 Patent is valid and in force.

13.     As more fully laid out below, Defendants have been and are now infringing the '951 Patent, the '319 Patent, and the '508 Patent, in this judicial district and elsewhere, by selling and distributing their products and services using electronic commerce systems, which, individually or in combination, incorporate and/or use subject matter claimed by the '951 Patent, the '319 Patent, and the '508 Patent.

## BACKGROUND OF ELECTRONIC DATA INTERCHANGE TECHNOLOGY

14.     Electronic Data Interchange (EDI) is a standards based system, typically following ANSI ASC X12[2] standards in the United States.  Documents exchanged electronically between businesses must follow strict formatting standards in order that separate entities with an EDI-enabled system may send and receive electronic documents without a need to convert these documents into a format their system(s) can process or understand.  By following these standards, any number of separate entities can become trading partners because their particular EDI-enabled systems communicate using a standard electronic language.

15.     While the EDI electronic documents follow a standardized format, the hardware and software incorporated into an overall EDI-enabled system does not.  That is, EDI-enabled systems do not contain the same features and capabilities for each entity.  The overall reach or capabilities of a particular EDI-enabled system is case dependent.  An EDI-enabled system may incorporate several hardware systems and general retail or specialized software programs in

---

[2] American National Standards Institute ("ANSI") ASC X12 is the official designation of the U.S. national standards body for the development and maintenance of EDI standards. The group is an accredited standards committee under the ANSI.

order to form a synchronized electronic system that has the ability to handle some or all of inventory, retail, point-of-sale (POS) and order management functions, among others.

16.     Entities, including Defendants Crocs and Gaiam, establish guidelines by which others must comply in order to become a trading partner.  For example, entities must notify trading partners of the information to include on a purchase order form.  In fact, several third party EDI solution providers design and/or sell software or Internet based interfaces that comply with these requirements so that entities may more easily become trading partners.

17.     Point-of-sale (POS) terminal hardware and software is often incorporated into an overall EDI-enabled system.  In-store POS terminals alone can contain specialized software and hardware that may be used to scan items for price and product information.

18.     As an element of an EDI-enabled system, the POS terminal is connected via an electronic communications network such as an intranet to "back office" computers or otherwise incorporated into a more comprehensive system.  This more comprehensive system can be a part of the overall EDI-enabled system or possibly the entire EDI-enabled system depending on the capabilities each defendant's system has implemented.

19.     The EDI-enabled system can contain software and/or hardware that will take the information gathered at the point-of-sale and then process and analyze that data.  A typical capability includes automatically updating inventory levels for a particular item.

20.     Additionally, an EDI-enabled system may have the ability to take this information and alert the proper employees of items in need of replenishment.

21.     Alternatively, the EDI-enabled system may include specialized software that allows for automatic order placement based on a regular schedule for commonly sold items and

COMPLAINT FOR PATENT INFRINGEMENT

inventory levels.  This function would involve analyzing inventory levels or date and combine that data with stored information such as a set quantity desired and shipment location.

22.     In any event, a purchase order will include with it the required order form, typically the ASC X12 standard 850 purchase order.  This is an electronic document which complies with the required EDI formatting standards and is then sent from one entity to another directly or perhaps indirectly through a third party.  This exchange takes place over a communications network such as the Internet or a Value Added Network (VAN) and the details of this electronic exchange can then be stored on the EDI-enabled system for later review and/or analysis.

23.     Online POS transactions may also be incorporated into an overall EDI-enabled system.  Online POS transactions can be stored, processed and analyzed as part of an overall EDI-enabled system in the same way as in-store POS transactions.  For example, the details of a POS transaction that occurs online can then be stored and the inventory level of a particular item can be adjusted in real time.

24.     In either case, POS transactions that are incorporated into an overarching EDI-enabled system allow for some combination of automatic inventory tracking, future order placement assistance, as well the ability to store and compile sales data.

25.     For each particular EDI-enabled system, several types of hardware and/or software may be incorporated, such as inventory management software, accounting software, EDI solution software which provides the interface by which a company may trade with third parties, POS hardware and software, warehouse, "back office" or personal computers and display and entry devices through which defendants manage their inventory, retail, point-of-sale (POS) and order placement and receiving system.

COMPLAINT FOR PATENT
                                     INFRINGEMENT

26.     It is the combination of some or all of these elements that results in a system that infringes the '319 and '508 patents.  Defendants Crocs and Gaiam each have an EDI-enabled system which incorporates various hardware systems and specialized software that practices some or all of the claims of the '319 and '508 patents.

## FIRST CLAIM FOR RELIEF

### (Direct Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(a))

### Against All Defendants

27.     Plaintiff refers to and incorporates herein by reference paragraphs 1-12.

28.     The claims of the '951 Patent relate to "a computer search system for retrieving information" and "a computerized system for selecting and ordering a variety of information, goods and services," each comprising a variety of features.

29.     The Cinemark Website, the Crocs Website, the Gaiam Website and the XO Group Website (collectively, the "Websites") are each, individually, "computer search system[s] for retrieving information" and "computerized system[s] for selecting and ordering a variety of information, goods and services" practicing the claims of the '951 Patent.

30.     By way of example only, and not limited to it, each Defendant's Websites infringe Claim 10 of the '951 Patent in that, for example, the Defendant's Websites provide a system that practices all of the limitations of the claim and on which it's customers search for information about products and purchase products, including:

        a.     Each of the Websites is a computerized system for selecting and ordering a variety of information, goods and services.

        b.     Each of the Websites includes a plurality of computerized data processing installations (the web server and its supporting systems) programmed for processing orders for said information, goods and services.

COMPLAINT FOR PATENT INFRINGEMENT

c.      Each of the Websites is operated through at least one computerized station (the customer's computer).

d.      The web server of each of the Websites and that Defendant's customers' computers practice all of the remaining limitations of Claim 10 of the '951 Patent.

31.      Defendants, therefore, by the acts complained of herein, are making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, and have in the past and are now continuing to infringe the '951 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

32.      Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

33.      By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

34.      Plaintiff is informed and believes, and on that basis alleges, that the infringement by Cinemark and Crocs is willful, wanton, and deliberate, without license and with full knowledge of the '951 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

COMPLAINT FOR PATENT
                                                                          INFRINGEMENT

## SECOND CLAIM FOR RELIEF

### (Inducing Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(b))

### Against All Defendants

35.     Plaintiff refers to and incorporates herein by reference paragraphs 1-12, 27-29.

36.     Plaintiff is informed and believes, and on that basis alleges, that each Defendant has actively and knowingly induced infringement of the '951 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers (the endusers of its Website(s)) to utilize their own computers in combination with its Website(s), and incorporated and/or related systems, to search for and order information and products from its Website(s) in such a way as to infringe the '951 Patent.

37.     By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

38.     Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. Plaintiff does not have an adequate remedy at law.

39.     Plaintiff is informed and believes, and on that basis alleges, that the infringement by Cinemark and Crocs is willful, wanton, and deliberate, without license and with full knowledge of the '951 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## THIRD CLAIM FOR RELIEF

### (Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a))

### Against Crocs and Gaiam

40.     Plaintiff refers to and incorporates herein by reference paragraphs 1-12, 14-26.

COMPLAINT FOR PATENT
INFRINGEMENT

41.     The claims of the '319 Patent relate to "an automated data processing system for processing business and financial transactions between entities from remote sites" comprising a variety of features.

42.     The Crocs EDI-enabled system and the Gaiam EDI-enabled system (collectively, the "EDI-enabled systems") are each, individually, "an automated data processing system for processing business and financial transactions between entities from remote sites" practicing the claims of the '319 Patent.

43.     By way of example, only, and not limited to it, the EDI-enabled systems infringe Claim 1 of the '319 Patent in that, for example, the EDI-enabled systems provide a system that practices all of the limitations of the claim and on which Defendants process business information and place purchase orders, including:

a.     Each of the EDI-enabled systems is an automatic data processing system for processing business and financial transactions between entities from remote sites. That is, between the particular Defendant and its trading partners or its point-of-sale terminal(s).

b.     Each of the EDI-enabled systems includes a central processor (the server and its supporting systems) programmed and connected to process a variety of inquiries and orders transmitted from said remote sites.  Each Defendant's EDI-enabled system allows for a broad range of transactions, thus a range of orders are possible.  Each of the EDI-enabled systems processes a "variety of inquiries," such as inquiries regarding order history and order status.

c.     Each of the EDI-enabled systems is operated through a terminal (the Defendants' computer(s) or point-of-sale terminal(s)) at each of said remote sites, which terminal includes a data processor and operates in response to operational sequencing lists of

COMPLAINT FOR PATENT
INFRINGEMENT

program instructions (the HTML code constituting the web pages of web-based EDI-enabled systems and/or the code constituting the software application of software-based EDI-enabled systems).

        d.    The server of each of the EDI-enabled systems and that Defendant's computerized station(s) practice all of the remaining limitations of Claim 1 of the '319 Patent.

44.    Defendants Crocs and Gaiam, therefore, by the acts complained of herein, are making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, and have in the past and are now continuing to infringe the '319 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

45.    Defendants Crocs and Gaiam threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

46.    By reason of the acts of Defendants Crocs and Gaiam alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

47.    Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant Crocs is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

COMPLAINT FOR PATENT INFRINGEMENT

## FOURTH CLAIM FOR RELIEF

**(Direct Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(a))**

**Against All Defendants**

48.    Plaintiff refers to and incorporates herein by reference paragraphs 1-12.

49.    The claims of the '508 Patent relate to "an automated multimedia system for data processing for delivering information on request to at least one user," comprising a variety of features.

50.    The Cinemark Website, the Crocs Website, the Gaiam Website and the XO group Website (collectively, the "Websites") are each, individually, "an automated multimedia system for data processing for delivering information on request to at least one user," practicing the claims of the '508 Patent.

51.    By way of example, only, and not limited to it, each Defendant's Websites infringe Claim 8 of the '508 Patent in that, for example, the Defendant's Websites provide a system that practices all of the limitations of the claim and on which it's customers search for information about products, including:

a.    Each of the Websites is an automated multimedia system for data processing for delivering information on request to at least one user. That is, it uses text and graphics, among other means, to deliver product information and other information to the customers of the particular Defendant.

b.    Each of the Websites includes at least one computerized station (the web server and its supporting systems).

c.    The web server of each of the Websites practices all of the remaining limitations of Claim 8 of the '508 Patent.

52.    Defendants, therefore, by the acts complained of herein, are making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas,

COMPLAINT FOR PATENT
INFRINGEMENT

products and/or services embodying the invention, and have in the past and are now continuing to infringe the '508 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

53.     Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

54.     By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

55.     Plaintiff is informed and believes, and on that basis alleges, that the infringement by Cinemark and Crocs is willful, wanton, and deliberate, without license and with full knowledge of the '508 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## FIFTH CLAIM FOR RELIEF

### (Inducing Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(b))

### Against All Defendants

56.     Plaintiff refers to and incorporates herein by reference paragraphs 1-12, 48-50.

57.     Plaintiff is informed and believes, and on that basis alleges, that each Defendant has actively and knowingly induced infringement of the '508 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers (the endusers of its Website(s)) to utilize their own computers in combination with its Website(s), and incorporated and/or related systems,

COMPLAINT FOR PATENT INFRINGEMENT

to search for and order information and products from its Website(s) in such a way as to infringe the '508 Patent.

58.     By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

59.     Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage. Plaintiff does not have an adequate remedy at law.

60.     Plaintiff is informed and believes, and on that basis alleges, that the infringement by Cinemark and Crocs is willful, wanton, and deliberate, without license and with full knowledge of the '508 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## SIXTH CLAIM FOR RELIEF

### (Direct Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(a))

### Against Crocs and Gaiam

61.     Plaintiff refers to and incorporates herein by reference paragraphs 1-12, 14-26.

62.     The claims of the '508 Patent relate to "an automated multimedia system for data processing for delivering information on request to at least one user," comprising a variety of features.

63.     The Crocs EDI-enabled system and the Gaiam EDI-enabled system (collectively, the "EDI-enabled systems") are each, individually, "an automated multimedia system for data processing for delivering information on request to at least one user," practicing the claims of the '508 Patent.

64.     By way of example, only, and not limited to it, each Defendant's EDI-enabled systems infringe Claim 8 of the '508 Patent in that, for example, the Defendant's EDI-enabled

COMPLAINT FOR PATENT
INFRINGEMENT

systems provide a system that practices all of the limitations of the claim and on which
Defendants obtain information  about products and transactions, including:

      a.      Each of the EDI-enabled systems is an automated multimedia
system for data processing for delivering information on request to at least one user. That is, The
EDI-enabled system uses text and graphics, among other means, to deliver business transaction
information, such as order status, and other information to the particular Defendant.

      b.      Each of the EDI-enabled systems includes at least one
computerized station (the computer(s) through which the EDI-enabled system is implemented
and the server and its supporting systems).

      c.      The server and that Defendant's computerized station(s) practice
all of the remaining limitations of Claim 8 of the '508 Patent.

65.      Defendants, therefore, by the acts complained of herein, are making, using,
selling, or offering for sale in the United States, including in the Eastern District of Texas,
products and/or services embodying the invention, and have in the past and are now continuing
to infringe the '508 Patent, either literally or under the doctrine of equivalents, in violation of 35
U.S.C. § 271(a).

66.      Defendants threaten to continue to engage in the acts complained of herein and,
unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It
would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate
relief for such future and continuing acts, and a multiplicity of judicial proceedings would be
required.  Plaintiff does not have an adequate remedy at law to compensate it for the injuries
threatened.

67.      By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage
in an amount to be proved at trial.

COMPLAINT FOR PATENT
INFRINGEMENT

68.     Plaintiff is informed and believes, and on that basis alleges, that the infringement by Crocs is willful, wanton, and deliberate, without license and with full knowledge of the '508 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## **JURY DEMAND**

69.     Plaintiff demands a jury trial on all issues so triable.


## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A.      For an order finding that the '951 Patent is valid and enforceable;

B.      For an order finding that the '319 Patent is valid and enforceable;

C.      For an order finding that the '508 Patent is valid and enforceable;

D.      For an order finding that, by the acts complained of herein, Defendants have directly infringed, and induced others to infringe, the '951 Patent in violation of 35 U.S.C. § 271;

E.      For an order finding that, by the acts complained of herein, Defendants have directly infringed the '319 Patent in violation of 35 U.S.C. § 271;

F.      For an order finding that, by the acts complained of herein, Defendants have directly infringed, and induced others to infringe, the '508 Patent in violation of 35 U.S.C. § 271;

G.      For an order finding that Defendants Cinemark and Crocs have willfully infringed the '951 Patent and the '508 Patent;

H.      For an order finding that Defendant Crocs has willfully infringed the '319 Patent;

I.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches,

COMPLAINT FOR PATENT INFRINGEMENT

parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '951 Patent, and from inducing others to infringe the '951 Patent;

J.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '319 Patent, and from inducing others to infringe the '319 Patent;

K.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '508 Patent, and from inducing others to infringe the '508 Patent;

L.      For an order directing Defendants to deliver to Plaintiff for destruction or other disposition all infringing products and systems in their possession;

M.      For an order directing Defendants to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendants have complied with the injunction;

N.      For an order awarding Plaintiff general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendants' profits or gains of any kind from their acts of patent infringement;

O.      For an order awarding enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Defendants' infringement

COMPLAINT FOR PATENT
INFRINGEMENT

P. For an order awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

Q. For an order awarding Plaintiff pre-judgment and post-judgment interest; and

R. For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED:  September 2, 2011    Respectfully Submitted,


**OF COUNSEL:**      By: /s/Charles Ainsworth

Jeffer Mangels Butler & Mitchell LLP  Charles Ainsworth
           State Bar No.  00783521
  Stanley M. Gibson    Robert Christopher Bunt
  (Cal. Bar No. 162329)   State Bar No. 00787165
  *smg@jmbm.com*    PARKER, BUNT & AINSWORTH, P.C.
           100 E. Ferguson, Suite 1114
  Gregory S. Cordrey   Tyler, TX 75702
  (Cal. Bar No. 190144)   903/531-3535
  *gxc@jmbm.com*    903/533-9687
           E-mail: charley@pbatyler.com
1900 Avenue of the Stars, Seventh Floor E-mail: rcbunt@pbatyler.com
Los Angeles, CA 90067
Telephone: (310) 203-8080   Attorneys for Plaintiff,
Facsimile: (310) 203-0567   Landmark Technology, LLC


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 2nd day of September, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

       /s/ Charles Ainsworth
       CHARLES AINSWORTH