## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

LANDMARK TECHNOLOGY, LLC,

        Plaintiff,

   v.

CINEMARK HOLDINGS, INC.,
CROCS, INC.,
FANSEDGE, INC.,
GAIAM, INC.,
HERMAN MILLER, INC.,
LEAPFROG ENTERPRIESES, INC.,
LIQUIDITY SERVICES, INC.,
STEWART ENTERPRISES, INC.,
TECH FOR LESS, INC., and
XO GROUP, INC.,

        Defendants.

Case No. 6:11-CV-91-LED

**JURY TRIAL DEMANDED**

## XO GROUP, INC.'S ANSWER TO THE
## "FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT,"
## AND XO GROUP, INC'S AFFIRMATIVE DEFENSES,
## COUNTERCLAIMS, AND JURY DEMAND

Defendant XO Group, Inc. ("XO Group"), by its attorneys, hereby answers the "First Amended Complaint for Patent Infringement" ("Amended Complaint") of Plaintiff Landmark Technology, LLC ("Plaintiff") as follows, using the same headings and numbering as in the Amended Complaint:

### JURISDICTION AND VENUE

1.     XO Group admits that Plaintiff purports to bring this action for alleged patent infringement under 35 U.S.C. §§ 1, *et seq.*

2.      XO Group admits that this Court, just like any other United States District Court, has original and exclusive jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over any patent infringement claims for relief.

3.      Denied as to XO Group.  XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 as to other defendants, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

4.      Denied as to XO Group.  XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 as to other defendants, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## PARTIES

5.      XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

6.      XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

7.      XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

8.      XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

9.      XO Group admits that XO Group Inc. (f/k/a The Knot, Inc.) is a corporation organized under the laws of the State of Delaware, with its principal place of business at 462 Broadway, 6th Floor, New York, New York 10013, and that, among other things, XO Group is in the business of offering and selling wedding-related products and services and that XO Group has done and continues to do business in this judicial district by selling products to customers

located in this judicial district.  XO Group denies that it "derives a significant portion of its

revenue from sales and distribution via Internet-based electronic commerce conducted on and

using at least, but not limited to, the Internet website located at http://www.theknot.com (the 'XO

Group Website')."  XO Group lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations in paragraph 9, and therefore denies them pursuant to Fed.

R. Civ. P. 8(b).

## **FACTS**

10.     XO Group admits that United States Patent No. 5,576,951 ("the '951 patent")

issued on November 19, 1996; the '951 patent is entitled "Automated Sales and Services

System;" the '951 patent lists Lawrence B. Lockwood as the named inventor; a copy of the '951

patent was attached to the Amended Complaint as Exhibit "A;" following a reexamination of the

'951 patent, the United States Patent and Trademark Office issued an "Ex Parte Reexamination

Certification Issued Under 35 U.S.C. § 307" on January 29, 2008, confirming the validity of the

ten(10) original claims and allowing twenty-two (22) additional claims; and a copy of the

reexamination certificate was attached to the Amended Complaint as Exhibit "B."  XO Group

denies that the '951 patent was "duly and legally issued."  XO Group lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph

10, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

11.     XO Group admits that United States Patent No. 6,289,319 ("the '319 patent")

issued on September 11, 2001; the '319 patent lists Lawrence B. Lockwood as the named

inventor; a copy of the '319 patent was attached to the Amended Complaint as Exhibit "C;"

following a reexamination of the '319 patent, the United States Patent and Trademark Office

issued an "Ex Parte Reexamination Certification Issued Under 35 U.S.C. § 307" on July 17,

2007, allowing twenty-two (22) additional claims; and a copy of the reexamination certificate was attached to the Amended Complaint as Exhibit "D."  XO Group denies that the '319 patent is entitled "Automated Business and Financial Transaction Processing System," that it was "duly and legally issued," and that the reexamination certificate confirmed the validity of all six (6) original claims.  XO Group lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

12.     XO Group admits that United States Patent No. 7,010,508 ("the '508 patent") issued on March 7, 2006; the '508 patent is entitled "Automated Multimedia Data Processing Network;" the '508 patent lists Lawrence B. Lockwood as the named inventor; and a copy of the '508 patent was attached to the Amended Complaint as Exhibit "E."  XO Group denies that the '508 patent was "duly and legally issued."  XO Group lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

13.     XO Group denies each and every allegation directed to XO Group in paragraph 13.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

### BACKGROUND OF ELECTRONIC DATA INTERCHANGE TECHNOLOGY

14.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

4

15.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

16.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

17.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

18.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

19.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

20.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

21.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

22.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

23.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

24.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

25.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

26.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## FIRST CLAIM FOR RELIEF

### ([Alleged] Direct Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(a))

### Against All Defendants

27.     XO Group refers to and incorporates by reference its responses to paragraphs 1-12 as if fully set forth herein.

28.     To the extent the allegations of paragraph 28 of the Amended Complaint are interpreting or construing the claims of the '951 patent, those allegations state legal conclusions to which no response is required.  To the extent the allegations of paragraph 28 of the Amended

Complaint are quoting from the preambles of claim 1 and claim 10, respectively, XO Group admits that claims 1 and 10 contain the quoted words in their respective preambles.  XO Group otherwise denies the allegations of paragraph 28.

29.     XO Group denies each and every allegation directed to XO Group in paragraph 29.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

30.     XO Group denies each and every allegation directed to XO Group in paragraph 30.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

31.     XO Group denies each and every allegation directed to XO Group in paragraph 31.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

32.     XO Group denies each and every allegation directed to XO Group in paragraph 32.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

33.     XO Group denies each and every allegation directed to XO Group in paragraph 33.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

34.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## SECOND CLAIM FOR RELIEF

### ([Alleged] Inducing Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(b))

### Against All Defendants

35.     XO Group refers to and incorporates by reference its responses to paragraphs 1-12, 27-29 as if fully set forth herein.

36.     XO Group denies each and every allegation directed to XO Group in paragraph 36.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

37.     XO Group denies each and every allegation directed to XO Group in paragraph 37.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

38.     XO Group denies each and every allegation directed to XO Group in paragraph 38.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

39.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## THIRD CLAIM FOR RELIEF

### ([Alleged] Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a))

### Against Crocs and Gaiam

40.     XO Group refers to and incorporates by reference its responses to paragraphs 1-12 and 14-26 as if fully set forth herein.

41.     To the extent the allegations of paragraph 41 of the Amended Complaint are interpreting or construing the claims of the '319 patent, those allegations state legal conclusions to which no response is required.  To the extent the allegations of paragraph 41 of the Amended Complaint are quoting from the preamble of claim 1, XO Group denies that claim 1 contains the quoted words in its preamble.  XO Group otherwise denies the allegations of paragraph 41.

42.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

43.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

44.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

45.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

46.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

47.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## FOURTH CLAIM FOR RELIEF

### ([Alleged] Direct Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(a))

### Against All Defendants

48.     XO Group refers to and incorporates by reference its responses to paragraphs 1-12 as if fully set forth herein.

49.     To the extent the allegations of paragraph 49 of the Amended Complaint are interpreting or construing the claims of the '508 patent, those allegations state legal conclusions to which no response is required.  To the extent the allegations of paragraph 49 of the Amended Complaint are quoting from the preamble of claim 8, XO Group admits that claim 8 contains the quoted words in its preamble.  XO Group otherwise denies the allegations of paragraph 49.

50.     XO Group denies each and every allegation directed to XO Group in paragraph 50.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

51.     XO Group denies each and every allegation directed to XO Group in paragraph 51.  As to all other defendants, XO Group lacks knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 51, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

52.     XO Group denies each and every allegation directed to XO Group in paragraph 52. As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

53.     XO Group denies each and every allegation directed to XO Group in paragraph 53. As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

54.     XO Group denies each and every allegation directed to XO Group in paragraph 54. As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

55.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## FIFTH CLAIM FOR RELIEF

### ([Alleged] Inducing Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(b))

### Against All Defendants

56.     XO Group refers to and incorporates by reference its responses to paragraphs 1-12 and 48-50 as if fully set forth herein.

57.     XO Group denies each and every allegation directed to XO Group in paragraph 57. As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

58.     XO Group denies each and every allegation directed to XO Group in paragraph 58. As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

59.     XO Group denies each and every allegation directed to XO Group in paragraph 59. As to all other defendants, XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

60.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## SIXTH CLAIM FOR RELIEF

## ([Alleged] Direct Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(a))

## Against Crocs and Gaiam

61.     XO Group refers to and incorporates by reference its responses to paragraphs 1-12 and 14-26 as if fully set forth herein.

62.     To the extent the allegations of paragraph 62 of the Amended Complaint are interpreting or construing the claims of the '508 patent, those allegations state legal conclusions to which no response is required.  To the extent the allegations of paragraph 62 of the Amended

Complaint are quoting from the preamble of claim 8, XO Group admits that claim 8 contains the quoted words in its preamble.  XO Group lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

63.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

64.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

65.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

66.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

67.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

68.     XO Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## JURY DEMAND

69.     The statement in paragraph 69 of the Amended Complaint is not an allegation that requires a response by XO Group.

## PRAYER FOR RELIEF

XO Group denies that Plaintiff is entitled to any relief against XO Group.

## AFFIRMATIVE DEFENSES

XO Group asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Amended Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

### First Affirmative Defense

XO Group has not infringed and is not infringing any valid and enforceable claim of the Patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense

The claims of the Patent are invalid for or failure to meet the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or unclean hands.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff XO Group, Inc. ("XO Group") asserts the following Counterclaims against Plaintiff and Counterclaim-Defendant Landmark Technology, LLC ("Landmark").

## THE PARTIES

1.      XO Group is a Delaware corporation having a principal place of business at 462 Broadway, 6th Floor, New York, NY 10013.

2.      Based on the averments in paragraph 5 of the Amended Complaint, Landmark is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 719 W. Front Street, Suite 157, Tyler, Texas 75702.

## NATURE OF THE COUNTERCLAIMS AND JURISDICTION

3.      XO Group's Counterclaims arise under 28 U.S.C. § 2201.  XO Group seeks declaratory relief, specifically, a judicial declaration as to non-infringement and invalidity of United States Patent No. 5,576,951 ("the '951 patent"), United States Patent No. 6,289,319 ("the '319 patent"), and United States Patent No. 7,010,508 ("the '508 patent").

4.      This Court has jurisdiction over XO Group's Counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 2201.

## COUNTERCLAIM COUNT I

## NON-INFRINGEMENT OF THE '951 PATENT

5.      XO Group incorporates and realleges Counterclaim paragraphs 1 through 4 as though fully set forth herein.

6.      XO Group has not infringed and is not infringing any valid, enforceable claim of the '951 Patent, either literally or under the doctrine of equivalents.

7.      XO Group therefore seeks a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '951 Patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT II

## NON-INFRINGEMENT OF THE '319 PATENT

8.      XO Group incorporates and realleges Counterclaim paragraphs 1 through 4 as though fully set forth herein.

9.      XO Group has not infringed and is not infringing any valid, enforceable claim of the '319 patent, either literally or under the doctrine of equivalents.

10.     XO Group therefore seeks a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '319 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT III

## NON-INFRINGEMENT OF THE '508 PATENT

11.     XO Group incorporates and realleges Counterclaim paragraphs 1 through 4 as though fully set forth herein.

12.     XO Group has not infringed and is not infringing any valid, enforceable claim of the '508 patent, either literally or under the doctrine of equivalents.

13.     XO Group therefore seeks a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '508 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT IV

## INVALIDITY OF THE '951 PATENT

14.     XO Group incorporates and realleges Counterclaim paragraphs 1 through 4 as though fully set forth herein.

15.     One or more claims of the '951 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

16.     XO Group therefore seeks a declaratory judgment that one or more claims of the '951 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et seq*.

## COUNTERCLAIM COUNT V

## INVALIDITY OF THE '319 PATENT

17.     XO Group incorporates and realleges Counterclaim paragraphs 1 through 4 as though fully set forth herein.

18.     One or more claims of the '319 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

19.     XO Group therefore seeks a declaratory judgment that one or more claims of the '319 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et seq*.

## COUNTERCLAIM COUNT VI

## INVALIDITY OF THE '508 PATENT

20.     XO Group incorporates and realleges Counterclaim paragraphs 1 through 4 as though fully set forth herein.

21.     One or more claims of the '951 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

22.     XO Group therefore seeks a declaratory judgment that one or more claims of the '951 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE Defendant and Counterclaim-Plaintiff XO Group, Inc. respectfully prays for judgment against Landmark Technology, LLC as follows:

(1)     ordering Landmark take nothing by its Amended Complaint;

(2)     declaring that XO Group does not infringe any claim of the '951 patent, the '319 patent, or the '508 patent;

(3)     declaring that one or more claims of the '951 patent, the '319 patent, and the '508 patent is invalid;

(4)     declaring this is an exceptional case under 35 U.S.C. § 285, and that XO Group is entitled to an award of its attorneys' fees;

(5)     awarding XO Group its costs and disbursements for this action; and

(6)     awarding XO Group such other and further relief as this court may deem just and proper.

## **JURY DEMAND**

XO Group demands a trial by jury as to all issues in this matter so triable.  XO Group does not consent to a verdict by less than six jurors in this matter.


Dated:  September 13, 2011                    Respectfully submitted,

                                                               By:     /s/ John M. Hintz

                                                               John M. Hintz (admitted in E.D. Texas)
                                                               **CHADBOURNE & PARKE LLP**
                                                               30 Rockefeller Plaza
                                                               New York, NY  10112
                                                               Tel.:  (212) 408-5100
                                                               Fax:  (212) 541-5369
                                                               Email:  jhintz@chadbourne.com

                                                               ATTORNEYS FOR DEFENDANT
                                                               XO GROUP, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record, who are deemed to have consented to

electronic service, are being served this 13th day of September, 2011, with a copy of this

document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


By: /s/  *John M. Hintz*
John M. Hintz

ATTORNEY FOR DEFENDANT
XO GROUP, INC.

CPAM: 4207681.1