IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>CINEMARK HOLDINGS, INC.,<br>CROCS, INC.,<br>FANSEDGE, INC.,<br>GAIAM, INC.,<br>HERMAN MILLER, INC.,<br>LEAPFROG ENTERPRISES, INC.,<br>LIQUIDITY SERVICES, INC.,<br>STEWART ENTERPRISES, INC.,<br>TECH FOR LESS, INC., and<br>GAIAM, NC.,<br><br>        Defendants. | Case No. 6:11-CV-91-LED<br><br>JURY TRIAL DEMAND |

**GAIAM, INC.'S ANSWER
TO THE FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT,
AFFIRMATIVE DEFENSES, COUNTERCLAIMS. AND JURY DEMAND**

Defendant Gaiam, Inc. ("Gaiam"), by its attorneys, hereby answers the First Amended Complaint for Patent Infringement" ("Amended Complaint") of Plaintiff Landmark Technology, LLC ("Plaintiff") as follows, using the same numbering as in the Complaint:

**JURISDICTION AND VENUE**

1.    Gaiam admits that Plaintiff purports to bring this action for alleged patent infringement under 35 U.S.C. § 1, *et seq*.

2.    Gaiam admits that this Court has original and exclusive jurisdiction under 28 U.S.C. § 1331 and 1338(a) over any patent infringement claims for relief.

3. Gaiam admits this Court has personal jurisdiction over Gaiam solely for the purposes of this action. Gaiam admits it has transacted and is transacting business in the Eastern District of Texas. Gaiam lacks sufficient knowledge to confirm or deny the allegations against the remaining defendants and therefore denies the same. Except as expressly admitted herein, Gaiam denies each and every allegation of Paragraph 3.

4. Gaiam admits that venue is proper in this district, but denies that venue is convenient in this district. Except as expressly admitted herein, Gaiam denies each and every allegation of Paragraph 4.

## PARTIES

5. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and therefore denies them.

6. Paragraph 6 does not require a response by Gaiam. To the extent that Paragraph 6 is deemed to require a response, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6, and therefore denies them.

7. Paragraph 7 does not require a response by Gaiam. To the extent that Paragraph 7 is deemed to require a response, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and therefore denies them.

8. Paragraph 8 does not require a response by Gaiam. To the extent that Paragraph 8 is deemed to require a response, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and therefore denies them.

9. Gaiam admits that it is a corporation organized under the laws of the State of Colorado with its principal place of business at 833 W. South Boulder Road, Boulder, Colorado,

80027. Gaiam also admits that it is in the business of selling clothing, household products, and other merchandise. Gaiam denies that it "derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet website located at http://www.gaiam.com and http://shopgaiam.com." Gaiam admits that it has done and continues to do business in this judicial district. Except as expressly admitted herein, Gaiam denies each and every allegation of Paragraph 9.

## FACTS

10. Gaiam admits that United States Patent No. 5,576,951 ("the '951 patent") issued on November 19, 1996; the '951 patent is entitled "Automated Sales and Services System;" the '951 patent lists Lawrence B. Lockwood as the named inventor; a copy of the '951 patent was attached to the Amended Complaint as Exhibit "A;" following a reexamination of the '951 patent, the United States Patent and Trademark Office issued an "Ex Parte Reexamination Certification Issued Under 35 U.S.C. § 307" on January 29, 2008, and that a copy of the reexamination certificate was attached to the Amended Complaint as Exhibit "B." Gaiam denies that the '951 patent was "duly and legally issued." Gaiam lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

11. Gaiam admits that United States Patent No. 6,289,319 ("the '319 patent") issued on September 11, 2001; the '319 patent lists Lawrence B. Lockwood as the named inventor; a copy of the '319 patent was attached to the Amended Complaint as Exhibit "C;" following a reexamination of the '319 patent, the United States Patent and Trademark Office issued an "Ex Parte Reexamination Certification Issued Under 35 U.S.C. § 307" on July 17, 2007, and that a

copy of the reexamination certificate was attached to the Amended Complaint as Exhibit "D." Gaiam denies that the '319 patent is entitled "Automated Business and Financial Transaction Processing System," that it was "duly and legally issued," and that the reexamination certificate confirmed the validity of all six (6) original claims. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

12. Gaiam admits that United States Patent No. 7,010,508 ("the '508 patent") issued on March 7, 2006; the '508 patent is entitled "Automated Multimedia Data Processing Network;" the '508 patent lists Lawrence B. Lockwood as the named inventor; and a copy of the '508 patent was attached to the Amended Complaint as Exhibit "E." Gaiam denies that the '508 patent was "duly and legally issued." Gaiam lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

13. Gaiam denies each and every allegation directed to Gaiam in paragraph 13. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## BACKGROUND OF ELECTRONIC DATA INTERCHANGE TECHNOLOGY

14. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

15. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

16. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

17. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

18. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

19. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

20. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

21. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

22. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

23. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

24. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

25. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

26. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## FIRST CLAIM FOR RELIEF

**([Alleged] Direct Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(a))
Against All Defendants**

27. Gaiam refers to and incorporates by reference its responses to paragraphs 1-26, as if fully set forth herein.

28. To the extent the allegations of paragraph 28 of the Amended Complaint are interpreting or construing the claims of the '951 patent, those allegations state legal conclusions to which no response is required. To the extent the allegations of paragraph 28 of the Amended Complaint are quoting from the preambles of claim 1 and claim 10, respectively, Gaiam admits that claims 1 and 10 contain the quoted words in their respective preambles. Gaiam otherwise denies the allegations of paragraph 28.

29. Gaiam denies each and every allegation directed to Gaiam in paragraph 29. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

30. Gaiam denies each and every allegation directed to Gaiam in paragraph 30. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

31. Gaiam denies each and every allegation directed to Gaiam in paragraph 31. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

32. Gaiam denies each and every allegation directed to Gaiam in paragraph 32. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

33. Gaiam denies each and every allegation directed to Gaiam in paragraph 33. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

34. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## SECOND CLAIM FOR RELIEF

**([Alleged] Inducing Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(a))**
**Against All Defendants**

35. Gaiam refers to and incorporates by reference its responses to paragraphs 1- 34 as if fully set forth herein.

36. Gaiam denies each and every allegation directed to Gaiam in paragraph 36. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

37. Gaiam denies each and every allegation directed to Gaiam in paragraph 37. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

38. Gaiam denies each and every allegation directed to Gaiam in paragraph 38. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

39. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## THIRD CLAIM FOR RELIEF

### ([Alleged] Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a)) Against Crocs and Gaiam

40. Gaiam refers to and incorporates by reference its responses to paragraphs 1-39 as if fully set forth herein.

41. To the extent the allegations of paragraph 41 of the Amended Complaint are interpreting or construing the claims of the '319 patent, those allegations state legal conclusions to which no response is required. To the extent the allegations of paragraph 41 of the Amended Complaint are quoting from the preamble of claim 1, Gaiam denies that claim 1 contains the quoted words in its preamble. Gaiam otherwise denies the allegations of paragraph 41.

42. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

43. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

44. . Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

45. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

46. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

47. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## FOURTH CLAIM FOR RELIEF

### ([Alleged] Direct Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(a)) Against All Defendants

48. Gaiam refers to and incorporates by reference its responses to paragraphs 1-47 as if fully set forth herein.

49. To the extent the allegations of paragraph 49 of the Amended Complaint are interpreting or construing the claims of the '508 patent, those allegations state legal conclusions to which no response is required. To the extent the allegations of paragraph 49 of the Amended Complaint are quoting from the preamble of claim 8, Gaiam admits that claim 8 contains the quoted words in its preamble. Gaiam otherwise denies the allegations of paragraph 49.

50. Gaiam denies each and every allegation directed to Gaiam in paragraph 50. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

51. Gaiam denies each and every allegation directed to Gaiam in paragraph 51. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 51, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

52. Gaiam denies each and every allegation directed to Gaiam in paragraph 52. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

53. Gaiam denies each and every allegation directed to Gaiam in paragraph 53. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

54. Gaiam denies each and every allegation directed to Gaiam in paragraph 54. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

55. Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

**FIFTH CLAIM FOR RELIEF**

**([Alleged] Inducing Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(a))**
**Against All Defendants**

56. Gaiam refers to and incorporates by reference its responses to paragraphs 1-55 as if fully set forth herein.

57. Gaiam denies each and every allegation directed to Gaiam in paragraph 57. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 57, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

58.     Gaiam denies each and every allegation directed to Gaiam in paragraph 58. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

59.     Gaiam denies each and every allegation directed to Gaiam in paragraph 59. As to all other defendants, Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59, and therefore denies them pursuant to Fed. R. Civ. P. 8(b). 60.

60.     Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## SIXTH CLAIM FOR RELIEF

**([Alleged] Direct Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(a))
Against Crocs and Gaiam**

61.     Gaiam refers to and incorporates by reference its responses to paragraphs 1-60 as if fully set forth herein.

62.     To the extent the allegations of paragraph 62 of the Amended Complaint are interpreting or construing the claims of the '508 patent, those allegations state legal conclusions to which no response is required. To the extent the allegations of paragraph 62 of the Amended Complaint are quoting from the preamble of claim 8, Gaiam admits that claim 8 contains the quoted words in its preamble. Gaiam lacks knowledge or information sufficient to form a belief

about the truth of the remaining allegations in paragraph 62, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

63.   Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

64.   Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

65.   Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

66.   Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

67.   . Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

68.   Gaiam lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## JURY DEMAND

69.   The statement in paragraph 69 of the Amended Complaint is not an allegation that requires a response by Gaiam.

## PRAYER FOR RELIEF

Gaiam requests that the Court deny all relief to Landmark, including that requested by Landmark in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Gaiam's Affirmative Defenses are listed below. Gaiam reserves the right to amend its Answer to add additional Affirmative Defenses, including inequitable conduct, consistent with the facts discovered in this case.

### First Affirmative Defense

Gaiam has not infringed and is not infringing any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

### Second Affirmative Defense

The claims of the Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 100, et seq., including, but not limited to, 35 U.S.C. § 101, 102, 103 and/or 112.

### Third Affirmative Defense

To the extent that Landmark, its alleged predecessors in interest to the Patents-in-Suit, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Gaiam's actions allegedly infringed the Patents-in-Suit, Gaiam is not liable to Landmark for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

### Fourth Affirmative Defense

To the extent that Landmark asserts that Gaiam indirectly infringes, either by contributory infringement or inducement of infringement, Gaiam is not liable to Landmark for the acts alleged to have been performed before Gaiam knew that its actions would cause indirect infringement.

**Fifth Affirmative Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Sixth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or unclean hands.

**COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Gaiam, Inc. ("Gaiam") asserts the following Counterclaims against Plaintiff and Counterclaim-Defendant Landmark Technology, LLC ("Landmark").

**THE PARTIES**

1. Gaiam is a Colorado corporation having a principal place of business at 833 W. South Boulder Road, Boulder, Colorado, 80027.

2. Based on the averments in paragraph 5 of the Complaint, Landmark is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 719 W. Front Street, Suite 157, Tyler, Texas 75702.

**NATURE OF THE COUNTERCLAIMS AND JURISDICTION**

3. Gaiam's Counterclaims arise under Title 35 of the United States Code. Gaiam seeks declaratory relief, specifically, a judicial declaration as to non-infringement and invalidity of United States Patent No. 5,576,951 ("the '951 patent"), United States Patent No. 6,289,319 ("the '319 patent"), and United States Patent No. 7,010,508 ("the '508 patent")

4. This Court has jurisdiction over Gaiam's Counterclaims under 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 1331, 1338(a), and 2201.

5.	Venue is proper in this District pursuant to at least 28 U.S.C. § 1391 and 1400.

## COUNTERCLAIM COUNT I
## NON-INFRINGEMENT OF THE '951 PATENT

6.	Gaiam incorporates and realleges Counterclaim paragraphs 1 through 5 as though fully set forth herein.

7.	Gaiam has not infringed and is not infringing any valid, enforceable claim of the '951 Patent, either literally or under the doctrine of equivalents.

8.	Gaiam therefore seeks a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '951 Patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT II
## NON-INFRINGEMENT OF THE '319 PATENT

9.	Gaiam incorporates and realleges Counterclaim paragraphs 1 through 5 as though fully set forth herein.

10.	Gaiam has not infringed and is not infringing any valid, enforceable claim of the '319 patent, either literally or under the doctrine of equivalents.

11.	Gaiam therefore seeks a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '319 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT III
## NON-INFRINGEMENT OF THE '508 PATENT

12.	Gaiam incorporates and realleges Counterclaim paragraphs 1 through 5 as though fully set forth herein.

13.     Gaiam has not infringed and is not infringing any valid, enforceable claim of the '508 patent, either literally or under the doctrine of equivalents.

14.     Gaiam therefore seeks a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '508 patent, either literally or under the doctrine of equivalents.

### COUNTERCLAIM COUNT IV
### INVALIDITY OF THE '951 PATENT

15.     Gaiam incorporates and realleges Counterclaim paragraphs 1 through 5 as though fully set forth herein.

16.     One or more claims of the '951 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U. S .C. § 100, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. § 101, 102, 103 and/or 112.

17.     Gaiam therefore seeks a declaratory judgment that one or more claims of the '951 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et seq*.

### COUNTERCLAIM COUNT V
### INVALIDITY OF THE '319 PATENT

18.     Gaiam incorporates and realleges Counterclaim paragraphs 1 through 5 as though fully set forth herein.

19.     One or more claims of the '319 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. § 101, 102, 103 and/or 112.

20. Gaiam therefore seeks a declaratory judgment that one or more claims of the '319 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et seq*.

## COUNTERCLAIM COUNT VI
## INVALIDITY OF THE '508 PATENT

21. Gaiam incorporates and realleges Counterclaim paragraphs 1 through 5 as though fully set forth herein.

22. One or more claims of the '508 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. § 101, 102, 103 and/or 112.

23. Gaiam therefore seeks a declaratory judgment that one or more claims of the '508 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U. S .C. § 100, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE Defendant and Counterclaim-Plaintiff Gaiam, Inc. respectfully prays for judgment against Landmark Technology, LLC as follows:

(1) A declaration that the Patents-in-Suit are unenforceable;

(2) A declaration that the asserted claims of the Patents-in-Suit are invalid;

(3) A declaration that Gaiam does not infringe, under any theory, any valid claim of the Patents-in-Suit that may be enforceable;

(4) A declaration that Landmark take nothing by its Complaint;

(5) Judgment against Landmark and in favor of Gaiam;

(6) Dismissal of the Complaint with prejudice;

(7)    An award to Gaiam of its costs and attorneys' fees incurred in this action; and

(8)    Further relief as the Court may deem just and proper.

## JURY DEMAND

Gaiam demands a trial by jury as to all issues in this matter so triable.

Dated  September 22, 2011.

          Respectfully submitted

       *s/ Kathyrn R. DeBord*
Richard B. Benenson, CO State Bar No. 32566
Kathryn R. DeBord, CO State Bar No. 37408
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-4432
Telephone:  303.223.1100
Facsimile:   303.223.1111
Email: rbenenson@bhfs.com, krothman@bhfs.com

       *s/ Eric A. Pullen*
Eric A. Pullen, TX State Bar No. 24007881
PULMAN, CAPPUCCIO, PULLEN & BENSON, LLP
2161 N.W. Military Highway, Suite 400
San Antonio, Texas 78213
Telephone:  210.222.9494
Facsimile:   210.892.0508
Email: epullen@pulmanlaw.com

**ATTORNEYS FOR DEFENDANT GAIAM, INC.**

-19-

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 22nd day of September, 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

s/*Kathryn R. DeBord*

11185\17\1585486.5